NORMAN TWOREK *v.* LENA T. TWOREK

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 13—decision released January 27, 1976

*Charles P. DiFazio,* with whom was *Robert K. Webber,* for the appellant (plaintiff).

*Thomas P. Arvantely,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action for a decree dissolving the marriage of the parties on the grounds of an irretrievable breakdown of

the marriage. The defendant counterclaimed seeking the same relief on the same grounds as well as alleged intolerable cruelty on the part of the plaintiff. The case was referred to a state referee (*Hon. Howard W. Alcorn*), who rendered judgment dissolving the marriage and ordering the plaintiff to convey to the defendant his half interest in certain property and to pay her $70 a week. From this judgment the plaintiff brought the present appeal, filing an assignment of errors claiming that the court erred in making certain findings and in awarding excessive alimony.

The plaintiff did not file either a request for finding or a draft finding. Consequently, no finding was made by the court. "The absence of a finding does not necessarily preclude action by this court. We are, however, limited in our inquiry to the material facts which appear on the record." *Robertson* v. *Robertson,* 164 Conn. 140, 142, 318 A.2d 106. There is a memorandum of decision but it does not establish facts and cannot take the place of a finding, although we may consult it for a better understanding of the basis for the court's decision. *Davenport Taxi, Inc.* v. *State Labor Commissioner,* 164 Conn. 233, 235, 319 A.2d 386; *Murphy* v. *Murphy,* 143 Conn. 600, 602, 124 A.2d 891.

The amount of alimony awarded under a decree dissolving a marriage is within the sound discretion of the trial court. *Hotkowski* v. *Hotkowski,* 165 Conn. 167, 172, 328 A.2d 674; see "Connecticut's New Approach to Marriage Dissolution," 47 Conn. B.J. 375, 390. In the absence of a finding and on the record before us, it cannot be said that as a matter of law the award made in this case constituted an abuse of the court's discretion.

There is no error.