LINDA M. JOHNSON *v.* DANA K. JOHNSON

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued October 15—decision released December 15, 1981

*Hans C. F. Wriedt,* for the appellant (defendant).
*John W. Colleran,* for the appellee (plaintiff).

PARSKEY, J. This case concerns an order by the trial court to modify the defendant's alimony and support obligation by temporarily reducing the amount of immediate payment and accumulating the arrearage for payment at a future date.

On June 7, 1977, the marriage of the parties was dissolved. The court incorporated the parties' sepa-

ration agreement dated May 3, 1977, into the final judgment and ordered the defendant to pay to the plaintiff, pursuant to the agreement, the sum of $1500 per month as alimony and child support.[1] At the time of the judgment, the defendant was employed with an annual salary of $44,800. The plaintiff was not employed outside of the home.

In May of 1980, the defendant lost his job and on July 3, 1980, he filed a motion for modification of the judgment. When the hearing was held on the defendant's motion, on July 11, 1980, he had begun his own business. The plaintiff had been able to rent the family home for a total of $2700 for the summer months. The parties agreed to reduce the defendant's alimony and support obligation from monthly payments of $1500 to $600 for a three month period. In accordance with this agreement, the court, *Herman, J.,* ordered a reduction of the defendant's obligation to a total of $1800 for the period of July 15, 1980, through October 14, 1980, and a continuation of the matter until October 10, 1980, for a further hearing.[2]

On October 9, 1980, the parties returned to court. This time they had not reached an agreement on the defendant's motion to modify. The court, *Geen, J.,* ordered another three month reduction of the defendant's obligation of $1500 to $600 per month. Unlike the previous order, however, the court also ordered the accumulation of an arrearage of $900 per month, the difference between the defendant's obligation of $1500 and his temporary reduction to

[1] The court also entered custody and visitation orders not relevant to this appeal.

[2] The court also entered orders regarding life insurance, medical insurance and orthodontia not relevant to this appeal.

$600.[3] The defendant appeals from this order claiming that the record and statutory guidelines do not justify reinstatement of the obligation of $1500 per month and that the award split between present payment and postponement of payment is contradictory. We disagree.

General Statutes § 46b-66[4] authorizes the trial court to ratify agreements of the parties in dissolution actions if such agreements are found to be fair and equitable. Section 46b-86 (a)[5] authorizes

---

[3] The second three month period having ended on January 9, 1981, the parties were back in court on the defendant's motion for a third modification of the judgment. At this time, the court, *Testo, J.*, set the defendant's monthly obligation at $900 and ordered a cessation of the accumulation of arrearage. The third modification of judgment is not relevant to this appeal.

[4] "[General Statutes] Sec. 46b-66. (Formerly Sec. 46-49). REVIEW OF AGREEMENTS; INCORPORATION INTO DECREE. In any case under this chapter where the parties have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children or concerning alimony or the disposition of property, the court shall inquire into the financial resources and actual needs of the spouses and their respective fitness to have physical custody of or rights of visitation with any minor child, in order to determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. If the court finds the agreement is not fair and equitable, it shall make such orders as to finances and custody as the circumstances require. If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d."

[5] "[General Statutes] Sec. 46b-86. (Formerly Sec. 46-54.). MODIFICATION OF ALIMONY OR SUPPORT ORDERS AND JUDGMENTS. (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be

the trial court to modify decrees of support, alimony and custody upon a showing of a substantial change in the circumstances of the parties not contemplated at the time the marriage was dissolved. See *Bozzi* v. *Bozzi*, 177 Conn. 232, 237, 413 A.2d 834 (1979); *Sanchione* v. *Sanchione*, 173 Conn. 397, 407, 378 A.2d 522 (1977). In modifying the decree, the court may consider all matters relevant to making the initial determination. See General Statutes § 46b-82;[6] *Jacobsen* v. *Jacobsen*, 177 Conn. 259, 264, 413 A.2d 854 (1979); *Sanchione* v. *Sanchione*, supra, 401-402. In the appropriate circumstances, the court may consider a party's earning capacity rather than salary earned. *Miller* v. *Miller*, 181 Conn. 610, 611-12, 436 A.2d 279 (1980); *McKay* v. *McKay*, 174 Conn. 1, 2, 381 A.2d 527 (1977). In harmony with these powers, the trial court's discretion is broad enough to fashion orders suitable to the situation at hand and, on review to this court,

continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

[6] "[General Statutes] Sec. 46b-82. (Formerly Sec. 46-52). ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

we look to see if the action by the trial court was unreasonable in view of the facts before it. See *McGuinness* v. *McGuinness,* 185 Conn. 7, 13, 440 A.2d 804 (1981).

On July 11, 1980, the parties had agreed to a three month reduction in the defendant's alimony and support obligation. Although the needs of the plaintiff had not changed from June 7, 1977, the date of the decree of dissolution, the defendant's employment situation had changed substantially. He was exploring the possibility of self-employment rather than pursuing the alternative of seeking employment with another company. To accommodate the defendant's exploration while the plaintiff's needs were met by summer rental of the family home, the trial court properly ratified the parties' agreement to reduce the defendant's obligation to a total of $1800 for the period of July 11, 1980, to October 14, 1980.

When the parties returned to court on October 9, the defendant's obligation of $1500 monthly payments had resumed. We cannot accept the defendant's contention that, at this time, his obligation either remained at $600 per month or was reduced to zero. The parties had agreed on July 11 only on a temporary reduction to $600 which would end at the beginning of October. Furthermore, the parties had returned to court on the defendant's motion. It is logical to infer that when the July 11 reduction period terminated, the defendant returned to court for relief from the burden of again having to pay the original sum of $1500 per month. The effect of the supplemental judgment reducing the amount of alimony from $1500 to $600 for a period of three

months was not to blot out from the initial judgment the $1500 originally ordered but rather to provide that for a limited period of time the defendant was freed from his obligation to pay the additional $900. *Christiano* v. *Christiano*, 131 Conn. 589, 593, 41 A.2d 779 (1945). In short, the action by the trial court on the second modification cannot be characterized as an increase from zero or $600 to $1500 but must be taken as a change from present monthly payments of $1500 to present payments of $600 and postponement of the balance of $900.

We turn to the question of whether there existed on October 9 a substantial change of circumstances from June 7, 1977, the date of the original decree, which would have warranted the modification of the award. The needs of the plaintiff had not changed substantially and, unlike the prior three month period, no alternative source was partially satisfying these needs. The defendant's financial statement revealed a great deal of capital. It is clear that the defendant's earning capacity had not changed but that he was embarked upon his own business enterprise, placing him in a substantially different financial position with regard to ready cash than when employed by another. The court ordered the modification of payment on another temporary basis, giving the defendant further opportunity to test the feasibility of self-employment. It was to his benefit that the court postponed payment of $900 monthly when his financial statement indicated enough capital to cover the cost of the entire obligation. We do not view this order as contradictory but as an accommodation to the defendant during a time of transition in his life. The order was well within the discretion of the trial court.

In view of the facts before it, we cannot say that the court's order was unreasonable.

There is no error.

In this opinion the other judges concurred.