**In re the MARRIAGE OF Franklin Manning WARD, Petitioner,**

**and**

**Lola Lee Ward, Respondent.**

**No. 86SC23.**

Supreme Court of Colorado,
En Banc.

July 20, 1987.

Franklin M. Ward, Glen Burnie, Md., pro se.

Stephen R. Higgins, Englewood, for respondent.

ERICKSON, Justice.

We granted certiorari to review *In re Marriage of Ward*, 717 P.2d 513 (Colo.App. 1985). The trial court granted a temporary reduction of the petitioner's maintenance payments to his ex-wife, conditioned upon the petitioner paying the difference between the original maintenance award and the reduced amount after he reestablished his law practice. The court of appeals re-

versed the trial court and held that section 14–10–122, 6 C.R.S. (1986 Supp.), does not authorize a temporary reduction of maintenance. The record on appeal, consisting of a six page excerpt from the hearing on the motion for reduction of maintenance, is wholly inadequate to determine whether the trial court abused its discretion. We reverse the court of appeals and remand this case with directions to reinstate the order of the trial court.

## I.

The marriage between petitioner Franklin Ward (the husband) and respondent Lola Ward (the wife) was dissolved in November 1980 by a decree of the El Paso County District Court. A provision of the decree ordered the husband to pay $400 monthly as spousal maintenance.

In April 1983, the husband terminated his employment as a lawyer in Brush, Colorado and moved to Maryland to pursue his legal career. In March 1984, the husband filed a motion for a reduction of the maintenance order in the dissolution decree pursuant to section 14–10–122, 6 C.R.S. (1986 Supp.). The motion asserted that the husband's inability to find suitable employment and the need to establish his own law practice resulted in a substantial and continuing change of circumstance that rendered enforcement of the original decree unconscionable.[1] A hearing was held on

May 10, 1984 and the trial court issued a ruling from the bench which was later reduced to a written order.[2] The court found that the husband voluntarily left Colorado and moved to Maryland. At the time of the hearing, the husband had passed the Maryland bar examination and was in the process of setting up his own law practice. The order stated:

> The Court further finds that this is a difficult time for both Petitioner and Respondent and the Court does not believe that [the husband] has done any wrong as such.
>
> The Court finds and determines that relief should be granted ... in order to grant [the husband] an opportunity to pursue his private law practice.
>
> The Court further finds and determines that the original award of $400.00 per month as and for spousal maintenance is still an appropriate award ... and that Respondent should not suffer ultimate financial loss because of the personal opportunity decisions made by the Petitioner.

The trial court reduced maintenance from $400 per month to $250 per month for the twelve-month period from June 1984 through May 1985. The husband was ordered to pay $350 per month from June 1985 through May 1986. From June 1986 through May 1987, the maintenance award

1. This is the second time the husband sought modification of the original decree. In February 1982, the trial court modified the maintenance award, decreasing it to $250 per month because the the husband was unemployed. The February 1982 order provided that maintenance would be reinstated when the husband obtained employment. Thereafter, he would be required to pay $550 per month for the same number of months that he paid the reduced amount of $250, thus paying to the wife any deficiency created by the maintenance modification. The husband did not seek review of the February 1982 order.

    In December 1982, the wife petitioned the trial court to reinstate the original $400 maintenance award after her former husband obtained employment as a lawyer. The court granted the motion and, in addition, ordered the husband to pay, on a graduated schedule over a period of three and one-half years, the $1350 deficiency created by the reduced payments in the previous nine months.

    The husband appealed the December 1982 order, claiming that the trial court had no authority to order a temporary maintenance reduction, and that the wife should have been required to prove the existence of changed circumstances before the court increased the previously reduced maintenance award. The court of appeals declined to reach the substantive issue and affirmed the trial court's order on the grounds that it merely enforced the unappealed, February 1982 order. *In re Marriage of Ward,* 670 P.2d 1260 (Colo.App.1983).

2. There appear to be discrepancies in the dates of the trial court's written order, and we have stated the facts with reference to the trial court's ruling from the bench. The husband asks us to correct the discrepancies in the written order on appeal. In our view, the husband's request is more properly addressed to the trial court that issued the order.

returned to the original amount of $400 monthly. Commencing in June 1987, the husband was ordered to pay $500 per month until the $2,400 deficiency created by the reduced payments was made up, at which time maintenance would again return to the original $400 amount.

The husband appealed the May 1984 modification order, and the court of appeals reversed, holding that section 14–10–122, 6 C.R.S. (1986 Supp.), does not authorize a temporary abatement of maintenance. We reverse, and remand with directions.

## II.

Section 14–10–122, 6 C.R.S. (1986 Supp.) establishes the parameters of the trial court's authority to modify an award of maintenance:

> Except as otherwise provided . . ., the provisions of any decree respecting maintenance may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. . . .

The court of appeals held that a temporary reduction in maintenance contravened the terms of the modification statute. When maintenance is temporarily reduced, the original maintenance award is automatically reinstated at the end of the abatement period. The court of appeals reasoned that the reinstatement of the original award, without a renewed showing of changed circumstances, absolved the wife of her burden to justify the reinstatement, implying that maintenance can be modified only on a permanent basis. We disagree.

■ The trial court is without authority to modify a decree unless the threshold requirements of changed circumstances and unconscionability are established. In *Sinn v. Sinn,* 696 P.2d 333, 337 (Colo.

1985), we stated that the party seeking a modification bears "a heavy burden." The strict standard of proof required by the modification statute "is intended to discourage repeated or insubstantial motions for modification." Uniform Marriage and Divorce Act § 316 commissioner's note, 9A U.L.A. 183, 184 (1979).

■ Once the movant meets the burden of showing changed circumstances and unconscionability, however, it is within the discretion of the trial court to modify the decree to meet the needs and abilities of the parties. In our view, the trial court's discretion extends to the amount of maintenance and the mode of payment. *Cf. In re Marriage of Icke,* 189 Colo. 319, 540 P.2d 1076 (1975) (maintenance of life insurance policy with minor children as beneficiaries is a reasonable means by which child support obligations can be met). Although we have not addressed the precise issue, courts of other jurisdictions have held that temporary modifications of spousal maintenance or child support are authorized under substantially similar statutes. *Johnson v. Johnson,* 185 Conn. 573, 441 A.2d 578 (1981) (order allowing three-month reduction of husband's alimony and child support obligations was not an abuse of discretion); *Graham v. Graham,* 21 Ill.App.3d 1032, 316 N.E.2d 143 (1974) (temporary reduction of child support until father finished his doctoral degree was not an abuse of discretion); *Geisner v. Geisner,* 319 N.W.2d 718 (Minn.1982) (alternatives such as deferral or abatement of maintenance and support are available if trial court determines husband started new business in good faith).

■ We do not agree with the husband's contention that the trial court has circumvented the statutory burden of proof by the reinstatement of the original award at the end of the abatement period.[3] The

---

**3.** In another context, it has been argued that a divorce decree containing an escalator clause resulting in annual increases in the amount of child support or maintenance, according to increases in the cost of living or the payor's net income, are invalid because the automatic increase absolves the dependent spouse of the burden of returning to court and demonstrating

changed circumstances. Many courts have upheld the validity of escalator clauses. *See, e.g. Spotts v. Spotts,* 355 So.2d 228 (Fla.App.), *cert. denied,* 361 So.2d 835 (Fla.1978); *Foreman v. Foreman,* 234 Ga. 646, 217 S.E.2d 257 (1975); *Robbins v. Robbins,* 40 Ill.App.3d 653, 353 N.E.2d 110 (1976); *but see Dunning v. Dunning,*

modified decree finding that $400 per month remains an appropriate award is prospective in its application. The escalating payments and the reinstatement of the original award are part of the trial court's decree. If the husband is unable to satisfy his obligations under the modified decree, he has the burden of again seeking modification by showing a change in circumstances. In *Sinn v. Sinn*, 696 P.2d 333 (1985), we held that the trial court abused its discretion in limiting the husband's maintenance payments to the wife to two years. We stated that, on the facts presented, it was "inappropriate to require the dependent spouse to return to court and assume [the burden of proving that maintenance should not terminate on the date set by the trial court], where ... it appears likely that the need for maintenance will continue past the designated maintenance period." *Id.* at 337 (citation omitted). The same reasons support our decision in this case.

█ It is permissible to require the husband to reimburse the wife for the deficiencies created by the temporarily reduced payments. In *Johnson v. Johnson*, 185 Conn. 573, 441 A.2d 578 (1978), the trial court ordered a three-month reduction of the husband's support obligations because the husband lost his job after the original decree and was attempting to begin his own business. The trial court also ordered the accumulation of the monthly arrearages for payment at a later date. The Supreme Court of Connecticut stated that "the trial court's discretion is broad enough to fashion orders suitable to the situation at hand," *id.* at 576, 441 A.2d at 580, and upheld the order compelling payment of the arrearages:

> It was to [the husband's] benefit that the court postponed payment of $900 monthly when his financial statement indicated enough capital to cover the cost of the entire obligation. We do not view this order as contradictory but as an accommodation to the defendant during a time of transition in his life. The order was well within the discretion of the trial court.

104 N.M. 295, 720 P.2d 1236 (1986); *Jacobs v.*

185 Conn. at 578, 441 A.2d at 581. *See also Geisner v. Geisner*, 319 N.W.2d 718 (Minn.1982) (deferral of maintenance and support is within discretion of trial court in appropriate cases).

The husband's main contention is that there was insufficient evidence of his ability to pay the increased amounts according to the escalated payment schedule of the modified decree. The husband, who has challenged the trial court's order, has the burden of showing an abuse of discretion in an appeal. *See In re Marriage of Mitchell*, 195 Colo. 399, 579 P.2d 613 (1978); *Moseley v. Lamirato*, 149 Colo. 440, 370 P.2d 450 (1962). The only record here is a brief excerpt from the transcript which contains the trial court's order from the bench. From the record, we are unable to determine whether the trial court's order was an abuse of discretion.

Accordingly, the judgment of the court of appeals is reversed, and the case is remanded with directions to reinstate the judgment of the trial court.

QUINN, C.J., does not participate.