[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 9, 1991 a hearing was held before the undersigned on the Defendant's Motion to Modify an order for child support which was issued at the dissolution of marriage. The Defendant appeared, pro se. The Plaintiff was not present on the advise of her doctor, however, she was represented by her attorney. The Defendant waived the presence of the Plaintiff since his Motion claimed a change in his circumstances.
On May 16, 1991 the undersigned denied the Defendant's Motion stating that the Defendant had failed to show a substantial change in circumstances since the date of the order.
The Defendant filed a Request for Articulation which this Court granted, the result being this Memorandum of Decision.
The claimed basis for the Motion to Modify was a change in the Defendant's circumstances since the time of the original decree. The Defendant had filed previous Motion to Modify which was denied on March 8, 1990 by Family Support Magistrate Edmund Miller.
The Defendant was employed by the Victoria Blank Clinic. He quit that position and since has held various jobs. He is presently freelancing and looking for full time employment in the fields of management or sales. He stated that he is not looking for part time employment, since same would interfere with his freelancing. However, the monies he is earning from freelancing are significantly below what he had been previously earning.
In order for the Court to grant a Motion to Modify, the moving party must show a substantial change in circumstances since the time the order was entered. See C.G.S. 46b-86(a) as amended; Grinold v. Grinold, 172 Conn. 192 (1976). However, the Defendant can not benefit from voluntarily placing himself in a position wherein his circumstances change. Case law shows that in such situations it is "permissible to utilize a party's earning potential in making financial awards. . ." Miller v. Miller,181 Conn. 607 (1980) at 612. See also Johnson v. Johnson,185 Conn. 573 (1981).
The fact that the Defendant is now having difficulty finding a comparable position to the one he quit is not grounds to grant his present request for modification. The Defendant, who holds a master's degree, is well-education and quite articulate. He has the ability to have an earning capacity commencerate with the present order. CT Page 8033
Therefore, the Defendant's Motion to Modify is denied.
DEBORAH KOCHISS FRANKEL Family Support Magistrate