## KANDY ESPOSITO *v.* DAVID BANNING
### (AC 28661)

Bishop, DiPentima and Mihalakos, Js.

Argued April 30—officially released September 23, 2008

*Gail M. Lawrence*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellant (state).

*Daniel W. Adelman*, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. This appeal is the result of a case losing its way in our family courts. The state of Connecticut, support enforcement services, appeals[1] from the trial court's judgment reversing an order of the family support magistrate on the ground that the order was an unauthorized retroactive modification of a child support obligation. On appeal, the state claims that the court improperly reversed the decision of the family support magistrate by finding that a temporary order was a final order.[2] We agree and reverse the judgment of the trial court.

The procedural history and facts demonstrate how delays hinder the effective administration of support obligations in our family courts. On January 26, 2004, the defendant, David Banning, filed a motion for modification of his child support obligation, stating that his financial circumstances had changed substantially because he had been laid off from his job. On March 26, 2004, the family support magistrate, Susan Baran, held a hearing on the motion, at which both parties appeared pro se. Magistrate Baran reduced, on a temporary basis, the defendant's child support order from $267 per week for three children to $128 per week,

---

[1] The state brings this appeal under the authority of General Statutes § 46b-231 (t) on behalf of support enforcement services, which is acting on behalf of the plaintiff, Kandy Esposito.

[2] The state also claims that the court improperly expanded the scope of its review beyond the issue raised in the appeal by the defendant, David Banning, but because of our resolution of the state's other claim, we need not address this claim.

unallocated for two children.[3] The order was based on the defendant's unemployment compensation, and, thus, the matter was continued until May 14, 2004, for the defendant to be able to look for new employment.

On May 14, 2004, the parties appeared again before Magistrate Baran. The defendant stated that he had found new employment but that he would not be starting work until June 1, 2004. The matter was continued until July 9, 2004, so the defendant could begin work and receive a paycheck to provide documentation of his employment and income. Magistrate Baran kept the support payment the same until the parties returned in July.

On July 9, 2004, the parties appeared before Magistrate Baran. At this time, the defendant was represented by counsel. Counsel, who had been retained by the defendant that morning, questioned the constitutionality of the temporary order and asked for a continuance. Magistrate Baran considered denying the request for a continuance because the purpose of the previous continuance was to allow the defendant to bring in his pay stubs, which he had done. Magistrate Baran stated that the purpose had not been so that the defendant could retain counsel and that counsel should not have taken the case if he were not prepared to go forward that day. Counsel, in an attempt to persuade Magistrate Baran to grant the continuance, stated: "In light of the fact that it's a modification, and any orders are presumed to be retroactive to today's date, I don't see where there's any prejudice in coming back in two weeks." Magistrate Baran declined to rule at that time on the issue of retroactivity but did grant the continuance. Despite counsel's request for two weeks, the court was unable

[3] Although not stated explicitly at the hearing, both parties agreed that the emancipation of their oldest child created a separate change in circumstances.

to set the next date for the parties to appear until September 24, 2004.[4]

It was not until February 14, 2005, that the parties returned to court, this time before family support magistrate John P. McCarthy. At this hearing, the defendant challenged the authority of the court to enter a temporary modification and argued that a final order had been entered in March, 2004. The state appeared and argued that a final order had not been entered and that the magistrate should enter a final order which would be retroactive from July 9, 2004, or from the date of service of the motion, March 8, 2004.

On July 28, 2005, Magistrate McCarthy issued a memorandum of decision, concluding that temporary orders were authorized and ordering the clerk's office to set a date for a hearing to determine final, permanent orders for child support.[5] After a clerical mistake led to an extended delay, a hearing before Magistrate McCarthy was held on June 16, 2006. On that date, Magistrate McCarthy entered a final order for child support in the amount of $256 per week retroactive from August 1, 2005. The magistrate stated that he could have made the order retroactive to the date of service but that he set the date as August 1, for reasons of equity and because that was the date the defendant started his employment.[6]

On June 26, 2006, the defendant filed an appeal as to the portion of the magistrate's order that gave retroactivity to the child support order from August 1, 2005.

---

[4] On that date, the state requested a continuance to respond to the defendant's memorandum of law, and the plaintiff requested a continuance to obtain private counsel. The magistrate acceded and continued the matter. After this, there were further continuances granted due to scheduling conflicts of the parties and the court.

[5] The defendant appealed from Magistrate McCarthy's ruling to the Superior Court, but the record reveals that there was no further action taken on that appeal.

[6] We note that the record reveals that June 1, 2004, was the date on which the defendant was employed. The state does not challenge this on appeal.

On December 13, 2006, the court reversed the decision of Magistrate McCarthy and remanded the case for further proceedings, stating: "The order of the family support magistrate was in effect a modification of the existing child support order of $128 per week. . . . Moreover, the magistrate improperly entered an order that retroactively modified the [defendant's] child support obligation." (Citation omitted.) This appeal followed.

The state argues that the court improperly concluded that the March 26, 2004 temporary order that was entered was a final order and that therefore the family support magistrate was precluded under General Statutes § 46b-86 (a) from making the order entered on June 16, 2006, retroactive from August 1, 2005. We agree.

The state's claim rests on our interpretation of § 46b-86 (a). "The interpretation of a statute, as well as its applicability to a given set of facts and circumstances, involves a question of law and our review, therefore, is plenary." *Commissioner of Social Services* v. *Smith,* 265 Conn. 723, 734, 830 A.2d 228 (2003). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Pritchard* v. *Pritchard,* 103 Conn. App. 276, 283, 928 A.2d 566 (2007).

We begin with the language of § 46b-86 (a), which provides in relevant part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a *pending* motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party . . . ." (Emphasis added.) General Statutes § 46b-86 (a). Thus, according to the plain language of the statute, retroactive modification is permitted if there is a pending motion. The question then is whether there was a pending motion for modification.

Family support magistrates have the power to hear and determine all motions for modification of child support; see General Statutes § 46b-231 (m); and such power includes the ability to issue temporary support orders. See General Statutes § 46b-231 (b) (14) (defining support orders as "a judgment, decree or order, whether *temporary,* final or subject to modification" [emphasis added]). In *Johnson* v. *Johnson,* 185 Conn. 573, 577, 441 A.2d 578 (1981), our Supreme Court recognized the ability of a trial court to accommodate temporary changes in a party's financial circumstances. In that case, the trial court temporarily reduced the defendant's monthly payments for a period of time. Id. The Supreme Court determined that upon the expiration of that period, the parties had returned to court on the defendant's motion and that the effect of the temporary order had not been to "blot out" the initial judgment originally ordered, but rather to provide the defendant with a limited period of relief. Id., 577–78.

In the present case, Magistrate Baran issued a temporary order to provide immediate, limited relief to the defendant until he could obtain employment. A review of the record demonstrates that after this order was entered, the parties returned to court several times on

the defendant's motion for modification before a final order could be entered.[7] We conclude that the initial motion was undecided and, thus, still pending for purposes of retroactivity. Therefore, because the motion was still pending, the court improperly concluded that the order modified an existing child support order, and we conclude that the magistrate was not prohibited by § 46b-86 (a) from making the support payments retroactive from August 1, 2005.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

_____

[7] It was more than one year after the defendant's reemployment that a final child support order was entered, resulting in a substantial arrearage owed to the plaintiff; such a delay was unfortunate for all parties.