******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEAN FARMASSONY *v.* VIVIAN FARMASSONY
(AC 36472)

DiPentima, C. J., and Beach and Sheldon, Js.

*Argued December 14, 2015—officially released April 19, 2016*

(Appeal from Superior Court, judicial district of Fairfield, Dewey, J. [dissolution judgment]; Pinkus, J. [motion for modification, accounting].)

*Sandra M. McDonough*, for the appellant-cross appellee (defendant).

*David V. DeRosa*, for the appellee-cross appellant (plaintiff).

*Opinion*

SHELDON, J. The defendant, Vivian Farmassony, whose marriage to the plaintiff, Dean Farmassony, was dissolved in September, 2002, appeals from the post-judgment order of the trial court requiring her to reimburse the plaintiff for all sums he had paid to her as court-ordered contributions toward her child care expenses for their minor children after she had ceased to incur such expenses on August 14, 2006. The defendant claims that the trial court erred by (1) requiring her to repay all such overpayments to the plaintiff, retroactive to August 14, 2006, because the ordering of such retroactive modifications of support orders is barred by General Statutes § 46b-86; or, in the alternative, (2) failing to deny the plaintiff's claim for retroactive repayment of overpaid child care expenses on the theory of laches. In his cross appeal, the plaintiff claims that the trial court erred by (1) denying his request for attorney's fees in connection with his motion for modification without holding an evidentiary hearing at which he could present evidence in support of that request; (2) denying his request for an award of interest on the sums he overpaid to the plaintiff for child care expenses, under General Statutes § 37-3a, without holding an evidentiary hearing at which he could present evidence in support of that request; and (3) allowing the defendant to reimburse him for the sums he had overpaid her for child care expenses at the rate of $100 per month. We reverse the judgment ordering the retroactive reimbursement of child care expenses because such an order is barred by § 46b-86. We affirm the judgment denying the plaintiff's requests for awards of attorney's fees and statutory interest. Because we reverse the award of retroactive reimbursement, we need not reach the defendant's claim of laches or the plaintiff's claim regarding the rate of reimbursement.

The following facts and procedural history are relevant to our resolution of these appeals. The parties' marriage was dissolved on September 20, 2002, with a separation agreement incorporated by reference into the dissolution judgment. At the time of dissolution, they had two minor children, ages eight and five. A child support order was entered as part of the dissolution judgment, as provided in the separation agreement. That order provided, in relevant part: "The [plaintiff] shall pay to the [defendant] as child support the weekly amount of $231.75 which is in accordance with the Child Support Guidelines. This represents a payment of $167.00 as child support and a contribution of $64.75 toward child care. . . . Child support shall terminate at age 19, graduation from high school or emancipation, whichever shall occur first." The separation agreement also contained a provision for attorney's fees if either party intentionally breached the agreement. The plaintiff made all necessary payments through wage garnish-

ment until June, 2013.

In June, 2013, the plaintiff filed a motion for modification of support and an accounting of child care costs. In the motion, the plaintiff claimed that a substantial change of circumstances had occurred since the order was entered in 2002, in that the older child had turned eighteen years old and graduated from high school, and neither child had attended child care since August, 2006. He therefore requested that support for the older child be terminated, that support for the younger child be modified downward due to his decrease in income, that all child care payments cease, that he be given credit for overpayment of child support for the older child, that he be given credit for child care payments made from August, 2006, to the date of the modification motion, and that he be awarded attorney's fees pursuant to the separation agreement. On July 25, 2013, the parties agreed to modify child support, reducing it to $138 per week, which was promptly made an order of the court. The parties agreed to return to court to address retroactivity. Upon returning to court on September 19, 2013, the court, *Pinkus, J.*, informed the plaintiff that he could not prevail on his claim for retroactive credit for overpayment of child support for the older child because § 46b-86 only allows retroactive modification to the date of service for child support payments. During the hearing, both parties agreed that all child care for the children had ended in 2006.[1] The court ordered the parties to brief the issue of retroactivity of child care payments. The court issued its decision on November 22, 2013, granting the plaintiff's motion for modification of support and accounting of child care costs as follows: "[T]he plaintiff overpaid child care costs in the amount of $23,439.50. This amount is to be repaid without interest at the rate of $100.00 per month commencing December 1, 2013. No attorney fees are awarded to either party." The defendant later filed a motion for reargument and articulation in December, 2013, which was denied by the court, *Pinkus, J.* The defendant appealed in January, 2014.

The plaintiff thereafter filed a cross appeal and a motion for rectification and articulation on March 5, 2014. In response to the motion for rectification and articulation, the court stated only that "[its] orders were made considering all relevant statutory factors and case law and based upon its exercise of broad discretion as allowed by law." On April 14, 2014, the plaintiff filed a motion for review of the trial court's decision on the motion for rectification and articulation. In that motion, the plaintiff asked that the trial court articulate the basis for its decision regarding attorney's fees, interest, and the rate of repayment. On June 4, 2014, this court granted the motion as presented and ordered the relief requested. The trial court issued a further articulation dated June 17, 2014, in which it articulated its ruling as follows. "The court did not award the [defendant]

to pay the [plaintiff's] attorney's fees because there was no evidence that the breach was intentional, as required by the separation agreement . . . . The court did not award the [plaintiff] interest because there was no evidence that the moneys overpaid were wrongly withheld, and the court exercised its discretion in not entering interest . . . . The order of payments was based upon the defendant's financial affidavit dated and filed July 25, 2013. The defendant had no ability to pay larger payments or a lump sum." (Citation omitted.) We now turn to the merits of the parties' conflicting claims.

I

On appeal, the defendant first argues that the court erred when it entered an order requiring her to reimburse the plaintiff for all payments he had made to her for child care expenses after she ceased to incur such expenses on August 14, 2006 because such retroactivity is barred by § 46b-86. We agree.

The defendant's claim rests on our interpretation of § 46b-86 (a). "The interpretation of a statute, as well as its applicability to a given set of facts and circumstances, involves a question of law and our review, therefore, is plenary. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Citation omitted; internal quotation marks omitted.) *Esposito* v. *Banning*, 110 Conn. App. 479, 483, 955 A.2d 609, cert. denied, 289 Conn. 946, 959 A.2d 1011 (2008).

We begin with the language of § 46b-86 (a), which provides in relevant part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50. . . ." This court has previously held that § 46b-86 (a) "prohibits retroactive modification of an existing support order." *Diamond* v. *Diamond*, 32 Conn. App. 733, 741, 631 A.2d 1157 (1993). The issue to be resolved is thus whether child care payments are subject to the statutory prohibition against retroactive modification because they are paid

as part of a "support order."

The child support and arrearage guidelines, as set forth in § 46b-215a-1 of the Regulations of Connecticut State Agencies, provide that "[c]hild support awards means the entire payment obligation of the noncustodial parent, as determined under the child support and arrearage guidelines, and includes current support payments, health care coverage, child care contribution and periodic payments on arrearages." The term "current support," as used in the guidelines, is defined as "an amount for the ongoing support of a child, exclusive of arrearage payments, health care coverage and a child care contribution." Regs., Conn. State Agencies § 46b-215a-1. The term "child care costs," in turn, is defined as "amounts expended for the care and supervision of a child whose support is being determined." Id. Thus, the noncustodial parent's child care contribution to the custodial parent is ordered by the court and paid as part of the overall child support award.

"It is a principle of statutory construction that a court must construe a statute as written. . . . We are not permitted to supply statutory language that the legislature may have chosen to omit." (Citation omitted; internal quotation marks omitted.) *Argentinis* v. *Fortuna*, 134 Conn. App. 538, 550, 39 A.3d 1207 (2012). The retroactive language in § 46b-86 (a) was enacted in 1990; see Public Acts 1990, No. 90-188, § 1; and has been amended several times. If the legislature intended that only *current* support not be subject to retroactive modification—as the plaintiff suggests—it could easily have so specified. Instead, it used the broader term "support" to identify the types of awards that are not subject to retroactive modification.

The child support award, as defined in the child support and arrearage guidelines, § 46b-215a-1 of the Regulations of Connecticut State Agencies, and in the parties' separation agreement, includes child care costs. Thus, the entirety of the order of child support, including its provisions for the payment of child care costs, is part of the order for support. Therefore, § 46b-86 (a) bars any retroactive modification of the order of child care costs because it is an integral part of the overall order of support.

Accordingly, we reverse the order of the trial court for retroactive repayment of the child care costs. Because we reverse that order, we need not address the defendant's other claims, as they all present alternative ways to reach the same conclusion.

II

We now turn to the plaintiff's cross appeal. The plaintiff claims that the trial court erred by (1) not holding a hearing to allow him to present evidence prior to denying his request for attorney's fees, (2) not holding a hearing to allow the him to present evidence prior to

denying his request for an award of interest under § 37-3a, and (3) ordering the defendant to repay the overpaid child care expenses at the rate of $100 per month. We are not persuaded that the court erred.

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Angle* v. *Angle,* 100 Conn. App. 763, 771–72, 920 A.2d 1018 (2007).

The plaintiff first argues that the court erred when it denied his request for attorney's fees and in not holding a hearing to allow him to present evidence prior to the denial. We disagree.

The parties' separation agreement contains a provision regarding attorney's fees. It provides that "[i]n the event that it shall be determined by a court of competent jurisdiction that either party has intentionally and materially breached this [a]greement, the offending party shall pay to the prevailing party reasonable attorney's fees, court costs and other related expenses incurred in the enforcement of this [a]greement or the orders entered in connection with the dissolution of marriage action, or both." In order for attorney's fees to be awarded, the court must have found an intentional breach. In explaining why the court did not award the plaintiff attorney's fees, the court's articulation clearly stated that "there was no evidence that the breach was intentional . . . ." After reviewing the record, we do not find this finding to be clearly erroneous and the court did not abuse its discretion when it denied the plaintiff attorney's fees.

The plaintiff also argues that the trial court erred in not holding a hearing and allowing him to present evidence on the issue of attorney's fees. However, the plaintiff did not object when the court indicated that it would decide the issue on the briefs and the plaintiff never asked for a hearing on the issue. "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ."

Practice Book § 60-5. Thus, we will not review this claim.

The plaintiff next argues that the court erred in not awarding him interest under § 37-3a[2] and in not holding a hearing to allow him to present evidence prior to the denial. We disagree.

The plaintiff argues that he is entitled to interest on his child care payments from August, 2006—when the need for child care ceased—until July, 2013—when the award was modified. "Ordinarily, [t]he decision of whether to grant interest under § 37-3a is primarily an equitable determination and a matter lying within the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Sosin* v. *Sosin*, 300 Conn. 205, 227, 14 A.3d 307 (2011).

In its articulation, the trial court stated that it did not award the plaintiff interest because there was no evidence that the money overpaid by the plaintiff was wrongly withheld by the defendant, and that the court exercised its discretion in not entering interest, pursuant to *Sosin* v. *Sosin*, supra, 300 Conn. 226. Our review of the record indicates that the decision not to award interest was not an abuse of discretion. The denial of interest is affirmed.

The plaintiff also argues that the trial court erred in not holding a hearing and allowing him to present evidence on the issue of an award of interest. However, the plaintiff did not object when the court indicated it would decide the issue on the briefs and the plaintiff never asked for a hearing on the issue. "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." Practice Book § 60-5. Thus, we will not review this claim.

The plaintiff's final argument is that the court abused its discretion when it ordered the defendant to repay the amount the plaintiff had overpaid in child care costs at the rate of $100 per month. The plaintiff argues that this amount is too low. Because we reversed the court's order of retroactive repayment in part I of this opinion, we need not reach this issue.

The judgment is reversed only as to the award of retroactive repayment of child care expenses by the defendant to the plaintiff and the case is remanded with direction to deny the plaintiff's motion for modification of support and an accounting of child care costs, and to render judgment for the defendant thereon. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] During the hearing, the court asked the parties to stipulate to a date in which child care expenses ceased. The plaintiff offered August 24, 2006, while the defendant argued that date "was plucked from someplace." The court asked for the parties to independently reach an agreement on the date. Nothing in the record indicates if the parties ever agreed on a date.

[2] General Statutes § 37-3a (a) states in relevant part: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. . . ."