TERESA MORAN CAREY *v.* THOMAS E. CAREY
(11061)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued September 23—decision released November 10, 1992

*Robert S. Kolesnik,* with whom, on the brief, was *Maureen E. Norris,* for the appellant (plaintiff).

*Thomas E. Carey,* pro se, the appellee (defendant).

O'CONNELL, J. The plaintiff appeals from the trial court's decision on her motion to modify child support. The plaintiff claims that the trial court improperly (1) refused to consider the child support guidelines where the modification was based on earning capacity rather than actual earnings, and (2) refused to consider the defendant's second wife's income in computing the child support to be ordered. At oral argument, the plaintiff stated that if we reverse the trial court on her first claim, she would withdraw the second claim. We reverse and remand for a new hearing on the first claim; accordingly, the second claim is deemed withdrawn.

The marriage of the parties was dissolved on December 1, 1981, at which time the defendant was ordered

to pay $50 per week for support of their one minor child. At the time of the dissolution, the defendant's employment yielded him a net weekly wage of $196. After the dissolution, the defendant remarried and voluntarily left his job in order to devote time to his two businesses and household duties.[1] In exchange for the defendant's agreement to perform household duties, his second wife agreed to provide his support.[2]

The trial court found that when the defendant voluntarily left his employment, his annual salary was $19,596 and that, if he had not terminated his employment, his salary at the time of the modification would have been $28,386. The court also found that the defendant's current reported net income was below $135 per week. The court concluded that the defendant's termination of employment and resulting loss of employer provided medical benefits for the child, coupled with an increase in the child's medical needs, constituted a substantial change in circumstances, thereby justifying a modification of the original support order pursuant to General Statutes § 46b-86.[3]

---

[1] The trial court found that the defendant's two businesses were "minuscule" and did not contribute materially to his income.

[2] At the time of the hearing, two children had been born into the second marriage.

[3] General Statutes § 46b-86, as amended by No. 91-76, § 1, of the 1991 Public Acts provides in relevant part: "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines . . . unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . . After the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstance was contemplated at the time of dissolution. . . ."

The plaintiff relied on the child support guidelines in asserting that the support payments should be increased to $145 per week based on the defendant's earning capacity. The court held, however, that "the guidelines do not serve as an effective criteria where a support order must be predicated upon earning capacity as distinguished from actual earnings. This is especially true here where the defendant's reported income is a weekly amount below the $135 set by the Commission for Child Support Guidelines . . . ." Accordingly, the court increased the support payments to $100 per week. The plaintiff appealed.

General Statutes § 46b-215a[4] created a commission charged with establishing "criteria for the establishment of guidelines to ensure the appropriateness of child support awards." General Statutes § 46b-215b[5]

[4] General Statutes § 46b-215a, as amended by No. 91-391, § 7, of the 1991 Public Acts provides in relevant part: "The commission for child support guidelines is established to review the child support guidelines promulgated pursuant to section 8 of public act 85-548, to establish criteria for the establishment of guidelines to ensure the appropriateness of child support awards and to issue updated guidelines not later than January 1, 1991, and every four years thereafter. . . ."

[5] General Statutes § 46b-215b, as amended by No. 91-391, § 8, of the 1991 Public Acts provides: "(a) The child support and arrearage guidelines promulgated pursuant to section 8 of public act 85-548 and any updated guidelines issued pursuant to section 46b-215a shall be considered in all determinations of child support amounts and payment on arrearages and past due support within the state. In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment on any arrearage or past due support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the commission under section 46b-215a, shall be sufficient to rebut the presumption in such case.

"(b) In any proceeding for the establishment or modification of a child support award, the child support guidelines shall be considered in addition to and not in lieu of the criteria for such awards, established in sections 46b-84, 46b-86, 46b-130, 46b-171, 46b-172, 46b-198, 46b-215, 17-324 and 17-578."

mandates that "[t]he child support and arrearage guidelines . . . shall be considered *in all determinations of child support* amounts . . . within the state," subject to a rebuttable presumption that the amount so determined is the proper figure for a support award. (Emphasis added.)

Although the trial court correctly recognized that the guidelines generally are not applicable to parents with a weekly net income below the self-support reserve of $135, the trial court failed to consider the entire mandate of the guidelines. They state that *"[e]xcept as provided under the deviation criteria,* the guidelines do not apply to a parent whose net weekly income is less than $135." (Emphasis added.) Connecticut Child Support Guidelines § (b) (2). As a result, even where income does not exceed the self-support reserve, the guidelines are applicable and must be considered "as provided under the deviation criteria."

Among the enumerated deviation criteria set forth in the general principles of the guidelines is the *"present and potential earning capacity of a party."* (Emphasis added.) Connecticut Child Support Guidelines § (a) (3) (B). This reflects the well recognized family law principle that, in a marital dissolution proceeding, the court may base financial awards on the earning capacity rather than the actual earned income of the parties. *Miller* v. *Miller,* 181 Conn. 610, 611–12, 436 A.2d 279 (1980). This principle is particularly applicable where, as here, the person to be charged has intentionally terminated his employment thereby substantially reducing or eliminating his actual earnings. *Schmidt* v. *Schmidt,* 180 Conn. 184, 189–90, 429 A.2d 470 (1980).

We are unable to discern any intent in the statute or the deviation criteria that they should not be considered in a determination of a support order based on earning capacity rather than support orders based on

actual income. We recognize that while the statute requires the court to consider the guidelines, it does not require that they be rigidly applied to all determinations of child support. *Battersby* v. *Battersby*, 218 Conn. 467, 468–69, 590 A.2d 427 (1991). The guidelines are the starting point for the determination of a support order. The amount derived from consideration of the guidelines is presumed to be the amount of support to be ordered. This presumption, however, may be rebutted by the trial court's finding on the record that the guideline amount would be inequitable or inappropriate in a particular case based on the deviation criteria set forth in the commission's general principles.

In the present case, the trial court improperly refused to consider the child support guidelines in accordance with the statutorily mandated procedure.

The plaintiff's second claim is not reached.

The support order is reversed and the case is remanded for a new hearing on the plaintiff's motion for modification consistent with this opinion.

In this opinion the other judges concurred.