[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION ON REMAND
This motion to modify was initially filed by the plaintiff father on September 27, 1994, and was served in hand upon the plaintiff on October 30. The support order has been modified several times. In September, 1992, it was modified to $210.00 per week. A March, 1994 modification resulted in an order of $63.00 per week for each of two remaining minor children, making a total of $126.00 per week. The plaintiff was then unemployed. He received Unemployment Compensation of $317.00 per week. The plaintiff appealed that modification, which appeal had not been resolved.
The plaintiff's September motion was heard in this division on October 18, 1994. After a full hearing, the undersigned denied the motion, stating that the plaintiff had failed to show a substantial change of circumstances since the date of the previous modification; that he had failed to show that the order substantially deviates from the child support guidelines; and that the plaintiff failed to sustain his burden of proof that he was utilizing his earning capacity by conducting a diligent CT Page 2728 search for employment.
On appeal, the court affirmed the decision on the first and third grounds, and remanded the case "for articulation of the basis of [the magistrate's] ruling that the plaintiff failed to show that the child support order of $126 substantially deviated from the child support guidelines."
The finding that the plaintiff failed to show a substantial deviation from the guidelines in intertwined with the finding that he failed to utilize his earning capacity. The present guidelines, just as the previous guidelines, provide a deviation factor for earning capacity. Child Support and Arrearage Guidelines, June 1, 1994 [hereinafter Guidelines], §46b-215a-3-(b)(1)(B).
It is well established that a court may consider a party's earning capacity rather than actual income in computing a support order. Johnson v. Johnson, 185 Conn. 573, 576, 441 A.2d 578
(1981); Miller v. Miller, 181 Conn. 610, 611-12, 436 A.2d 279
(1980); Siracusa v. Siracusa, 30 Conn. App. 560, 566, 621 A.2d 309
(1993); Carey v. Carey, 29 Conn. App. 436, 440, 615 A.2d 516
(1992); Hart v. Hart, 19 Conn. App. 91, 94, 561 A.2d 151 (1989);Hepburn v. Hepburn, 8 S.M.D. 126, 129 (1994); Hay v. Hay, 8 S.M.D. 51, 54 (1994); Guidone v. Moschette, 8 S.M.D. 10, 11 (1994); Webster v. Webster, 8 S.M.D. 4, 5 (1994); Campbell v.Scott, 7 S.M.D. 8, 12, 8 CSCR 507, 11 Conn.Fam.L.J. 71 (1993);Bardsley v. Bardsley, 6 S.M.D. 112, 116 (1992); Ouellette v.Ouellette, 6 S.M.D. 83, 85 (1992).
"The application of an earning capacity determination is not limited to the situation of a voluntary termination of prior employment, and the courts in Johnson, Siracusa, Hay, Campbell v.Scott, and Bardsley, supra, do not rely on a finding of such a voluntary termination. . . . The child support guidelines provide for deviation where the court finds `[o]ther financial resources available to a parent.' Conn. State Regs. § 46b-215a-3-(b)(1). A parent's earning capacity is specifically included in this subsection. Id., (B)." Hepburn v. Hepburn, 8 S.M.D. 126, 130 (1994).
The plaintiff relied exclusively on his sworn financial affidavit and testimony that his unemployment ran out and his income had been substantially reduced (Transcript, 8-9). The state cross-examined the plaintiff extensively on this issue. The CT Page 2729 plaintiff's responses were often contradictory. He first admitted that he was not looking for employment (T 11). He then insists that he was looking for employment (T 12). When asked to name specific employers, he indicated one job attempt, which first he claimed an in person application, then claims he mailed a resume (T 14), then corrects his testimony by claiming, without corroboration, that he was unable to job search on the day in question because his car had been burglarized (T 18). He admitted that he did not keep a job log (T 16-18) even though he had been instructed on job logs in previous matters before the Family Support Magistrate Division.
The existence of a minimum self-support reserve in the guidelines do not contemplate awarding an able-bodied man who fails to diligently seek employment by a reduction in his support order. In fact, the Guidelines preamble explains that one of two rationales for the self-support reserve is "to preserve the parent's incentive to remain employed." Guidelines Preamble, § (d)(2) (page v).
The court is unable to find from Mr. Mayo's contradictory and obfuscatory testimony that he has established his true financial status. Furthermore, he has failed to establish reasonable diligence in seeking employment reasonably commensurate with his earning capacity. Where the court can not find that his testimony and financial affidavit are sufficiently credible to establish his income, it cannot apply the guidelines.
Accordingly, the court found that the plaintiff had failed to sustain his burden of proof in establishing a substantial deviation from the child support guidelines, and, combined with the factors found which were previously affirmed by the Superior Court, the motion to modify was denied.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate CT Page 2730