[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A contested hearing was held on the motion of the State of Connecticut to modify child support. The State is a co-plaintiff because the child is the beneficiary of public assistance. General Statutes §§ 17b-745, 46b-55 (a), 46b-231 (t)(1). The co-plaintiff mother and the defendant father were both represented by counsel and fully participated in the hearing[1].
The plaintiff mother and the defendant father intermarried at East Windsor on July 27, 1991. There is one child issue of the marriage, Michael Danford Symonds, born October 17, 1995. On May 1, 1996, the plaintiff commenced an action seeking dissolution of the marriage. On June 5, 1997 the court, Solomon, J., dissolved the marriage and entered judgment incorporating the written stipulation of the parties. The agreement provided joint custody of the minor child. The defendant father was ordered to pay $1.00 CT Page 6132 per year alimony to the State of Connecticut.
The provision for child support states: "The parties agree the Defendant father is presently unable to work due to his physical condition. In the event the Defendant becomes employed, he shall promptly notify the Plaintiff mother, and he shall pay the Plaintiff mother or the State of Connecticut, as their interests may lie, child support in accordance with the Connecticut Child Support Guidelines. Such payments shall be secured by immediate wage withholding. In the event the Defendant qualifies for disability benefits from the Social Security Administration, the Plaintiff mother shall be entitled to receive any dependent's benefits for the minor child directly from the Social Security Administration."
Before the breakdown of the marriage, the defendant father had fifteen years of work experience as a logger, primarily in his own business. He testified that in 1994, which was the last full year of operation, the business grossed about $60,000 with a net income of around $32,000. He added that 1995 was "not a good year" and claims that his net income for the time he worked was only about $2,000.
Prior to the final dissolution, the defendant suffered a work-related injury when impaled in the groin by a fragment of wood. He claims to be disabled as a result of this injury. Hence the clause in the separation agreement and the judgment leaving child support to be computed ad hoc based on actual income.
The plaintiff mother and the State now claim there is a substantial change of circumstances in that the defendant is now able to work. The defendant denies this, claiming that he is restricted as to work activities and that he is in constant pain controlled only by medication[2].
The burden of proof is on the party seeking the modification.Connolly v. Connolly, 191 Conn. 468, 473, 464 A.2d 837 (1983);Kaplan v. Kaplan, 185 Conn. 42, 46, 440 A.2d 252 (1981); Richardv. Richard, 23 Conn. App. 58, 63, 579 A.2d 110 (1990); Murray v.Stone, 11 S.M.D. 149, 150 (1997); O'Dell v. O'Dell, 9 S.M.D. 7 (1995); Meyer v. Meyer, 7 S.M.D. 49, 52 (1993); Taylor v. Taylor, 7 S.M.D. 43, 44 (1993); Yochum v. Yochum, 6 S.M.D. 75, 80 (1992);Noble v. Noble, 6 S.M.D. 31, 32 (1992); Berluti v. Berluti, 5 S.M.D. 377, 381 (1991); Dubitzky v. Dubitzky, 5 S.M.D. 261, 271 (1991); Monahan v. Monahan, 4 S.M.D. 223, 227 (1990). CT Page 6133
"That party must demonstrate that continued operation of the original order would be unfair or improper." Harlan v. Harlan,5 Conn. App. 355, 357, 496 A.2d 129 (1985); Kimery v. Kimery, 9 S.M.D. 54, 57 (1995); Taylor v. Taylor, 7 S.M.D. 43, 45 (1993);Yochum v. Yochum, 6 S.M.D. 75, 80 (1992); Noble v. Noble, 6 S.M.D. 31, 33 (1992); Kraynak v. Godfrey, 5 S.M.D. 250, 251 (1991); Romaniello v. Romaniello, 5 S.M.D. 87, 91 (1991); see also McGuinness v. McGuinness, 185 Conn. 7, 10, 440 A.2d 804
(1981); Noce v. Noce, 181 Conn. 145, 149, 434 A.2d 345 (1980).
"In determining whether there is a substantial change in circumstances, the court considers all evidence back to the most recent court order." Borkowski v. Borkowski, 228 Conn. 729, 741,638 A.2d 1060 (1994); Swain v. Swain, 10 S.M.D. 140, 142 (1996);Thomas v. Thomas, 8 S.M.D. 196, 198 (1994). In this case, the support order has not been modified since its inception. Therefore, the standard of comparison dates back to June 5, 1997.
The defendant claims that he remains disabled. He testified that he has made occasional attempts to resume work. The most recent such attempt was about four weeks before the hearing, when he performed tree removal work for two and a half days. He claims he was unable to continue because his physical condition rendered him "unable to do the work." He described a few previous attempts[3] to resume work with similar results.
The defendant's financial affidavit discloses average weekly income of $21.00 with an equal amount of "various" expenses. He apparently resides at a parent's residence in Windsor and receives town assistance which he uses for food and cigarettes. He owns and operates a Suzuki motorcycle as well as a truck and a tractor which remain from his former business.
No new medical evidence was introduced. The defendant claims that his condition was previously documented. His last medical treatment was in mid-December, 1997. The defendant applied for Social Security disability benefits but was denied.
The plaintiff called Michael Lucia as a witness. He is a private investigator hired by the plaintiff to conduct surveillance of the defendant. He conducted a surveillance from February 16-20, 1997. A written report was introduced into evidence as well as a videotape of a portion of the surveillance, which was viewed in open court. On Monday, February 16, the CT Page 6134 defendant was observed leaving his residence on his motorcycle at 6:25 A.M. He arrived at a residential address in the Town of Enfield at 6:43 A.M. At 8:15 A.M. he left as a passenger in a large truck emblazoned "K K Tree Service" towing a large wood chipper and followed by a second truck. Eventually, the defendant arrived at a residence in the Town of South Windsor. The defendant and his co-workers commenced cutting trees at approximately 9:40 A.M. At approximately 11:40 A.M. the defendant was engaged in cleaning the driveway and sweeping up the area. He continued this activity until the surveillance was terminated at 12:30 P.M.
On the following day, a similar scenario unfolded, except that the defendant was seen dropped off at his residence "by a dark colored car" at 5:50 A.M. The defendant and his co-workers arrived at a residence in West Springfield, Massachusetts at 8:00 A.M. He continually engaged in tree cutting activity until surveillance was terminated at 12:30 P. M. Mr. Lucia testified that on both days, the defendant climbed trees to a height of thirty feet with a chain saw, with no apparent discomfort. This observation was confirmed by the videotape.
The plaintiff and the State argue that the evidence establishes that the defendant is no longer disabled. Therefore, they assert, the modification should be granted and support established based on the defendant's earning capacity, which they suggest to be $60,000 per year based on his last full business year. The State submitted a guidelines worksheet suggesting a support order of $171.00 per week.
It is up to this court, as the trier of fact, to determine the credibility of witnesses and the weight to be given to their testimony. Griffin v. Nationwide Moving Storage Co.,187 Conn. 405, 422, 446 A.2d 799 (1982); Riccio v. Abate, 176 Conn. 415,418, 407 A.2d 1005 (1979); Raia v. Topehius, 165 Conn. 231, 235,332 A.2d 93 (1973); Kimery v. Kimery, 9 S.M.D. 54, 57 (1995);O'Dell v. O'Dell, 9 S.M.D. 7, 8 (1995); Hepburn v. Hepburn, 8 S.M.D. 126, 133 (1994); Fretina v. Fretina, 5 S.M.D. 139, 142 (1991). The court has the right to accept part and disregard part of the testimony of any witness. Barrila v. Blake, 190 Conn. 631,639, 461 A.2d 1375 (1983); Rood v. Russo, 161 Conn. 1, 3,283 A.2d 220 (1971); Berluti v. Berluti, 5 S.M.D. 377, 382 (1991).
The evidence suggesting that the defendant is now able to CT Page 6135 work full time is graphic and convincing. While it is not disputed that the defendant suffered a serious injury in the past, the videotape and surveillance establish that he is able to climb trees and do significant physical work without apparent discomfort. He is able to ride his motorcycle for both transportation and recreation. Social Security has rejected his disability claim and there is no recent medical evidence insufficient to establish even a partial disability for the defendant. Caswell v. Caswell, 8 S.M.D. 205, 207 (1994). "The suggestion that a work environment might be difficult or that medication might be required is not the equivalent of a disability."
This court is persuaded that the defendant is capable of working full time. Since his incidence of actual work is irregular, it is necessary to examine the defendant's earning capacity. It is well established that a court may consider a party's earning capacity rather than actual income in computing a support order. Johnson v. Johnson, 185 Conn. 573, 576,441 A.2d 578 (1981); Miller v. Miller, 181 Conn. 610, 611-12, 436 A.2d 279
(1980); Siracusa v. Siracusa, 30 Conn. App. 560, 566,621 A.2d 309 (1993); Carey v. Carey, 29 Conn. App. 436, 440, 615 A.2d 516
(1992); Hart v. Hart, 19 Conn. App. 91, 94, 561 A.2d 151 (1989);Murray v. Stone, 11 S.M.D. 149, 152 (1997); Brown v. Brown, 11 S.M.D. 140, 147 (1997); Englemann v. Englemann, 10 S.M.D. 88, 90 (1997); Henja v. Henja, 10 S.M.D. 42, 48 (1996); Kimery v.Kimery, 9 S.M.D. 54, 57 (1995); Jodoin v. Jodoin, 9 S.M.D. 7, 8 (1995); Hay v. Hay, 8 S.M.D. 51, 54 (1994); Guidone v. Moschette, 8 S.M.D. 10, 11 (1994); Webster v. Webster, 8 S.M.D. 4, 5 (1994);Campbell v. Scott, 7 S.M.D. 8, 12, 8 CSCR 507, 11 Conn. Fam. L. J. 71 (1993); Bardsley v. Bardsley, 6 S.M.D. 112, 116 (1992);Ouellette v. Ouellette, 6 S.M.D. 83, 85 (1992). The child support guidelines provide for deviation where the court finds "[o]ther financial resources available to a parent." A parent's earning capacity is specifically included in this subsection. Conn. State Regs. § 46b-215a-3-(b)(1)(B).
The court does not find persuasive the State's argument, that his 1994 gross business income of $60,000 be the basis of the support order. defendant works up to 32 hours per week. This four year old data is remote compared to more recent evidence. Furthermore, the State's methodology does not take into account legitimate cash flow business expenses which might be allowed as CT Page 6136 deductions, Nicholas v. Nicholas, 10 S.M.D. 98, 101 (1996), affirmed, doc. no. FA83-0074469, Judicial District of New London at Norwich (Solomon, J., Oct. 8, 1997), and no evidence was adduced on this issue.
A more appropriate basis is the actual income the defendant reported from his reported two and a half days of work in February. He testified that he earned $254 net for this stint, which extrapolates to $508 per week. This is not inconsistent with his recent past employment at a $12 hourly rate with moderate overtime at time-and-a-half. Reference is also made to the statutory factors the court must consider in setting a support order, which have not been replaced by the guidelines, but must be considered in addition thereto, including the age, health, station, occupation, estate, employability, vocational skills, amount and sources of income and educational status of each parent and of the child, as well as the needs of the child[4].
The motion to modify is granted. Pursuant to the deviation findings above, the court orders the defendant to pay $125.00 per week current support plus $20.00 per week on the arrearage, making a total payable order of $145.00 per week. All payments on the arrearage are payable to the State to be credited against its arrearage, provided that the order will automatically apply to any future defendant's arrearage. The modification is retroactive to February 16, 1998, the earliest date on which the defendant was demonstrably capable of full time work[5].
BY THE COURT
Harris T. Lifshitz Family Support Magistrate