[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated November 24, 1999, the plaintiff husband, Glenn F. Petit, commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown, equitable division of the parties' real and personal property and other relief. The defendant wife, Kyla M. Petit, appeared through counsel. Both parties appeared with counsel on January 19, 2091 and February 21, 2001, and presented testimony and exhibits. The court, after hearing the testimony and reviewing the exhibits and final arguments of counsel, makes the following findings of CT Page 4664-aa fact.
The plaintiff husband married the defendant wife (whose maiden name was Kyla M. Hallback) on October 20, 1990 at Southington, Connecticut. He has resided continuously in the state of Connecticut for at least one year next preceding the date of the filing of his complaint. All statutory stays have expired. The marriage has broken down irretrievably. No minor children have been born to the wife since the date of the marriage. The court further finds that no state or municipal agency is contributing to the support of the parties.
The plaintiff is a 43-year old college graduate enjoying good physical health. He is employed in a family business for the past 20 years. He supervises small retail grocery and other stores owned and operated by his parents. He is assisted in the family business by two brothers who also are employed on a full-time basis by his parents. The plaintiffs mother and father are the sole stockholders of the company that owns said businesses. The plaintiff grosses $900 per week from his employment. The court, after hearing the testimony and reviewing the exhibits, also finds that the plaintiff is working to his earning capacity as a supervisor of his parents' businesses. Miller v. Miller, 181 Conn. 610 (1980); Careyv. Carey, 29 Conn. App. 436 (1992).
The plaintiff is also a principal in three real estate partnerships with family members. All of the properties owned by the partnership were purchased from 1982 to 1985. The court finds that the interests of the plaintiff in the real estate partnerships have not changed since the date to the marriage. Furthermore, the court further finds that the value of said properties has not increased since the date of purchase. The court further finds that the defendant has not contributed to any of the expenses and payments incurred by the partners during their ownership and management of the partnership real property.
The defendant wife is a 47-year-old high school graduate who also completed some college level classes at Central Connecticut State University. Prior to the marriage, the wife worked in the medical field as a licensed practical nurse. While the parties resided together for two years prior to the date of their marriage, the wife continued to work as a licensed practical nurse. Her physical condition forced her to retire. The defendant was diagnosed as suffering from Crohn's disease in 1982. Her condition progressed to the point that she could no longer perform substantial, gainful employment as a nurse. She filed for Social Security Disability benefits, which were granted to her in 1993. CT Page 4664-ab
According to the testimony of the parties, the plaintiff was made fully aware of the wife's physical condition and the natural progression thereof prior to the marriage between the parties. As a result of the Crohn's disease, the defendant suffers from esophageal spasms, gastrointestinal bleeding resulting in physical pain and incapability performing her previous job tasks. The wife has had over fifty hospitalizations and multiple surgical procedures resulting from the disabling Crohn's disease. She presently takes medications for the spasmodic condition, analgesics for pain, and blood pressure anti-inflammatory medication.
The plaintiff, during the marriage and subsequent to her award of Social Security Disability, did perform some services for the plaintiff and his family. The defendant would periodically pitch in as a cash register operator at the food store and the video store operated by the plaintiff. After reviewing the testimony of the parties and exhibits, the court finds that the defendant is not physically capable of working in substantial, gainful employment. The court finds that she, as a result of her physical maladies and pain, cannot be counted on by any employer. The defendant is presently receiving $184 per week in Social Security disability. The court further finds based on the evidence submitted and testimony of the parties, the defendant will not likely be employed in the future, Carey v. Carey, supra.
The plaintiff and defendant married on October 20, 1990, after living together for a period of two years. The marriage was the first for the plaintiff and the third for the defendant. The defendant had two children from a prior marriage who were approximately 10 and 16 years old at the time of the marriage. The children resided with the plaintiff and defendant prior to and subsequent to the date of their marriage.
The plaintiff, defendant and her children initially resided in a home owned by the defendant. The defendant sold her home in 1992, for $96,000.00. The plaintiff and defendant purchased a home located at 181 Broad Street, Plainville, Connecticut, from the plaintiff's parents. The court finds, based on the stipulation of the parties, that the purchase price of the new home was $170,000. The parties utilized the net proceeds from said sale of the defendant's home, $27,500, as a downpayment on the home purchased from the plaintiffs parents. The home was deeded in the plaintiff's name (without the knowledge and agreement of the defendant), with the plaintiff borrowing the sum of $112,000 from Washington Mutual. The plaintiff's parents also contributed to the downpayment by a gift to the plaintiff in the amount of $32,000 for the purchase of said CT Page 4664-ac property. Subsequent to the date of the purchase, the plaintiff quitclaimed an undivided one-half interest in and to said property to the defendant. During the marriage, the plaintiff also used equity in the property as collateral for a business loan concerning investment property. As of January 8, 2001, the principal balance on the first mortgage on said property was $110,290.87. The principal balance of the second mortgage was $9,520.76, as of January 25, 2001. (See Stipulation, dated February 2, 2001).
The plaintiff and defendant lived together as man and wife for approximately four and one-half years from the date of the marriage. During this time period, the plaintiff worked as a supervisor for his family business while the defendant remained home as a housewife collecting her Social Security Disability. She assisted the plaintiff in the operation of his family's business on a few occasions. The plaintiff further became attached to the defendant's children and in fact adopted her minor daughter, Alysha.
Due to a breakdown in the relationship, the parties separated in approximately 1996. The defendant remained in the marital residence at 181 Broad Street, Plainville, Connecticut. The plaintiff moved out of the marital home and into an upstairs bedroom in his parents' home located at 32 Redstone Street, also in the town of Plainville, Connecticut.
Since the separation, the plaintiff has continued to work for his family's business. He has paid all of the household expenses, excluding the cable and phone bill. The plaintiff has also paid the defendant's car payment, health insurance, student loan, Sears charge account. The defendant has paid her Disney account, Capital 1, Vista, NBNA and Lord 
Taylor charge and medication bills. The plaintiff and defendant have remained on a friendly and cordial basis during their separation. The defendant does not pay rent to his mother and father for use of the third-story bedroom. Based on the financial affidavits submitted by the party, a substantial portion of the plaintiffs net income is expended on a weekly basis to maintain the first and second mortgages on the marital residence and to maintain the wife within the lifestyle she was accustomed to prior to the separation of the parties.
The plaintiff and defendant both claim an irretrievable breakdown of their interpersonal relationship. Both the plaintiff and defendant cast no blame upon the other for the cause of the breakdown of their marital union. While the plaintiff and defendant have a high regard for the other, they substantially differ in their respective proposals concerning resolution of the financial issues. The court is left with the unenviable CT Page 4664-ad task of dividing the assets and establishing an order for alimony and counsel fees.
As previously stated above, the court finds that both the plaintiff and the defendant have fairly reflected their present incomes on their financial affidavits. The plaintiff grosses $900 per week with the defendant receiving $184 per week for Social Security Disability. The plaintiff proposes a resolution of the financial matters by order that she receive title to the marital residence. She proposes that a lion's share of her liabilities, weekly expenses and second mortgage should be paid by the plaintiff. There is no objection by the plaintiff to the defendant's ownership of the marital properties subject to the first mortgage. The parties are also in disagreement in the payment of alimony in amount and term.
The court concludes, after reviewing the testimony, exhibits and arguments of counsel, that the defendant is entitled to periodic alimony without limitation in time and/or amount. The court is well aware of the fact that the plaintiff and defendant resided together for approximately two years before their marriage and were legally married for ten years thereafter. The court is also cognizant of the fact that the parties separated approximately four and one-half years ago with the defendant residing in the home while the plaintiff was required to live in a bedroom of his parents' home while paying the lion's share of the family's expenses. The court also acknowledges the intention of the plaintiff to eventually move out of his parents' residence.
The court finds that the defendant has been debilitated by the Crohn's disease to such an extent that she will not likely return to substantial, gainful employment. The plaintiff is four years younger, in good physical condition, enjoying income and employment in his family's business operations. Court has considered all of the statutory factors concerning the payment of alimony. The court concludes that the subject case requires the defendant to pay alimony to his wife on a periodic basis. The court also finds that both parties have proposed that the court order transfer of the marital residence to the wife. The court will take the equity in the home as of the date of transfer as an additional consideration in determining the amount of alimony to be paid by the plaintiff to the defendant. The plaintiff will also have an expense of $266 per month to continue COBRA coverage for three years. plus additional medical costs for copays, etc.
Court has considered all of the statutory factors set out in Connecticut General Statutes §§ 46b-81, 46b-82 and 46b-62, and other CT Page 4664-ae pertinent statutes, tax implications of the payment of alimony, earnings and earning capacity differential, causes for the breakdown of the marriage and consequences of the financial awards set forth below. The court with jurisdiction in this matter finds that the statutory stays have expired, and the facts set out in the complaint are proven true. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown. It is further ordered:
1. Real Property
The plaintiff husband shall transfer all right, title in and to the marital residence located at 181 Broad Street, Plainville, Connecticut, to the plaintiff. The plaintiff shall pay and hold the husband harmless from any liability on the first mortgage payable to Washington Mutual and the taxes and insurance on said property. The defendant shall pay the second mortgage, balance in full, to the second mortgagee within sixty days of the date of this judgment.
2. Personal Property
The plaintiff shall have all right, title and interest in and to his 1992 Buick Park Avenue automobile, his Southington Savings Bank account, all of this right, title and interest in and to the real estate partnerships represented at trial and set out on his financial affidavit dated January 17, 2001: 20 percent interest in the Petit Realty Partnership, 33.33 percent interest in Eagle Mountain Realty, and 10 percent interest in PF Realty. The defendant wife shall have all right, title and interest in and to the household furnishings and personal effects located at the marital residence and to her 1993 Honda Accord automobile.
3. IRA's
The plaintiff husband shall transfer one half of his present value in his IRA to the wife by assignment and/or Qualified Domestic Relations Order. Both parties are required to execute any documents necessary to carry out the requirements of this subparagraph. The court will keep jurisdiction over this paragraph in order to ensure that its provision is carried out and/or any modification is required by the planned administrator to effectuate the transfer.
4. Life Insurance
The plaintiff husband is required to maintain his Banner life insurance CT Page 4664-af in the face amount of $100,000 with the defendant wife as irrevocable beneficiary of the death benefit until his obligation to pay alimony to the defendant has been terminated. The plaintiff husband is further barred from borrowing against the cash value of the life insurance policy and further is ordered to make any payments necessary on the existing loan of $3500 in order to keep the policy in full force and effect.
5. Alimony
The plaintiff shall pay alimony in the amount of $350 per week. Said alimony shall be modifiable as to term and amount but shall terminate upon the first of the occurrence of the following events:
a. Death of either party.
b. Remarriage of the wife.
Said alimony shall also be modifiable if the defendant cohabitates with an unrelated adult pursuant to the provisions of General Statutes §46b-86.
6. Counsel Fees
As indicated by the court at the time of trial, the court will determine the amount of counsel fees, if any, paid to counsel for the defendant at a postjudgment hearing set up on a date certain by the court clerk.
7. COBRA Insurance
The defendant wife shall be entitled to COBRA insurance coverage through the plaintiff husband's employer. Said COBRA coverage shall be at the sole expense of the defendant wife. Both parties shall execute any and all documents necessary to effectuate said coverage.
8. Debts
The plaintiff shall pay the Sears debt listed on his financial affidavit dated January 19, 2001 and the defendant's financial affidavit dated January 17, 2001 and hold her harmless from any liability thereon. The defendant shall pay all the other debts listed on her financial affidavit dated January 17, 2001 including her car loan and hold the plaintiff harmless from any liability thereon. CT Page 4664-ag
Devine, J.
CT Page 4665