[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO MODIFY CHILD SUPPORT ORDER ISSUED IN FOREIGN STATE
This case is about a postjudgment motion made in a court in Connecticut to modify a child support order entered upon the parties' stipulation in a matrimonial judgment of divorce in a sister state. The child support order was part of a matrimonial judgment issued on June 21, 1993, by the Family Court in the State of Vermont.
In the judgment the court awarded physical custody of the parties' two minor children; namely, Carleton and Scott, to their mother, defendant Elizabeth Coffrin, with visitation rights in their father, plaintiff Albert Coffrin. The judgment further provides that plaintiff Albert Coffrin shall pay child support in an amount consistent with the State of Vermont Child Support Guidelines. Pursuant to those guidelines plaintiff Albert Coffrin was obligated to pay child support in the amount of $311.54 weekly. At the time of the judgment minor Carleton was ten years of age, and minor Scott was five years of age.
On August 15, 2002, plaintiff Albert Coffrin, pursuant to Connecticut General Statutes Section 46b-71, filed in this Connecticut court a Notice of Filing of Foreign Matrimonial Judgment, together with a certified copy of the parties' Matrimonial Judgment from the State of Vermont. On October 2, 2002, plaintiff Albert Coffrin filed the instant Motion for Modification of Judgment in which he requests this court to issue a ruling modifying the Vermont matrimonial judgment by reducing the amount of child support payments ordered therein for the reasons that 1) his income has been reduced substantially due to a separation from his principal employer; and 2) his older issue, Carleton, reached his age of majority on June 7, 2001, and thus is no longer entitled to receive the court-ordered child support payments. As to this latter issue, the plaintiff contends that the reduction of child support for Carleton should be retroactive to June 7, 2001 — the date of his majority.
Defendant Elizabeth Coffrin does not dispute that plaintiff Albert CT Page 3909 Coffrin lost his principal employment. However, she avers that he has a high earning capacity that militates against any reduction, and that requires an increase in the child support order.
 Standard for Modification of Foreign Judgment
Conn. Gen. Stat. § 46b-71 (b)[1] gives this court the authority to modify a foreign matrimonial judgment in accordance with the substantive law of the foreign state. The substantive law of the foreign state — Vermont — allows this Court to modify a child support order under the circumstances presented here; namely, when a child becomes a legal adult. A review of the following excerpt from an opinion of the Supreme Court of Vermont supports this construction.
. . . our child support statute provides that support shall continue until the child attains the age of majority or terminates secondary education whichever is later. 15 V.S.A. Sec. 658(c).
Morancy v. Morancy, 800 A.2d 435 (2001)
As stated earlier the parties are in agreement that Carleton's attaining the age of majority on June 7, 2002 is the triggering event for the requested modification.
 Extent of Dollar Modification
In his calculation of the amount of child support, plaintiff Albert Coffrin argues that he has lost his principal source of employment, and that his only financial income, as reflected on his financial affidavit, is $109.00 per week, which he receives as interest on investments. From this position he further argues that factoring this figure into the Child Support Guidelines produces a child support obligation for him of $26.00 per week. Defendant Elizabeth Coffrin claims that the plaintiff has an earning capacity of $171,348 per year, and that based upon this figure the amount of his child support should be $335.00 per week[2] The court shall now review the aspects of the plaintiff's earning capacity.
 Earning Capacity
Preparatory to embarking upon a discussion of earning capacity, it should be noted that the parties have agreed that the Child Support Guidelines of the State of Connecticut shall govern the modification. Furthermore, the court notes that the law of the states of Vermont and Connecticut recognize the concept of "earning capacity" as applicable to determining the income level of the non-custodial parent. See, CT Page 3910 respectively, Kohut v. Kohut, 164 Vt. 40, 663 A.2d 942 (1995) and Careyv. Carey, 29 Conn. App. 436, 615 A.2d 516 (1992). In fact, the concept of earning capacity expressly is included as a deviation criterion in Section 46b-125a-3 of our Connecticut guidelines.
Plaintiff Albert Coffrin is 52 years of age and in good health. He received his MBA from Columbia University in 1976. He represents that he is an expert in finance and investments. One area of his expertise is risk and equity investments, involving subordinated debt, in middle market companies.
In reviewing his history, it is noted that the plaintiff held the position of Executive Vice President for Merchants Bank from 1983 until 1989 and received an annual salary of $115,000 per year. After one year of unemployment, he became Executive Vice President of Green Mountain bank, a position which he held until 1996 when he was promoted to President of the bank.
The plaintiff left Green Mountain Bank and became a partner in North Atlantic Capital Corporation in 1999. The plaintiff reported income for the year 2000 in the amount of $134,783. Upon his separation from employment at North Atlantic Capital Corporation in January of 2001 he received a severance salary of $132,268 which he reported on his year 2001 Federal Income Tax Return. Also on that return the plaintiff reported $36,176 from his consulting business, as well as a small amount of passive income from investments.
Plaintiff Albert Coffrin is a partner in an entity known as North American Capital Corporation Venture Capital II. He invested $30,000 in this fund in 1996, and, because of unstable financial markets, expects to receive a return of $10,000 in approximately four years.
The plaintiff started a consulting business from which he received monthly income of $9,500 until March of 2002. He is associated with another consulting business known as Coffrin Associates, which reported net income of $41,513 in 1999, and a loss of income in the year 2000.
Plaintiff Albert Coffrin is seeking employment. He has created a web site and has sent out numerous resumes.
The plaintiff has remarried. He and his wife have purchased a house in Elizabeth, Maine. The only debt which the plaintiff has is a mortgage on his house in Elizabeth. He and his wife have a seven-year-old son.
From the testimonial and documentary evidence presented the court finds CT Page 3911 that plaintiff Albert Coffrin has an earning capacity of $110,000 per year.
 Retroactivity of Modified Order: Principle Background
The next matter to be addressed is whether and to what date the modification should be made retroactive. The courts of Vermont hold the position that any date on or after the filing of the motion may be the effective date for any modification in support, and that the exact date "should be left to the sound discretion of the trial court, because it is most familiar with the often complicated history of the case and, thus, better able to make such a determination." Towne v. Towne, 150 Vt. 286,288, 552 A.2d 404, 405 (1988). In Connecticut, Connecticut General Statutes § 46b-86 (a)[3] controls retroactive modification, which, according to its language, may be made retroactive from the date of service of the motion on the opposing party. The motion to modify child support was served upon defendant Elizabeth Coffrin on September 22, 2002, and filed in court on October 2, 2002.
A review of the facts on this point is in order. Paragraph 10 of the matrimonial judgment provides in pertinent part that "[o]n or before April 15 of each year, each party shall provide the other party with income tax returns, wage statements, and other support documentation sufficient for the parties to calculate child support under the appropriate child support guidelines." Although there is no evidence to support the parties having complied with this provision, several months prior to Carleton's 18th birthday, defendant Elizabeth Coffrin obtained a set of court papers for filing a modification and inquired of the plaintiff as to what he wanted to do about the matter. He informed her that his preference was to allow the status quo to continue. Later he testified at the hearing that he continued to make the full payments after Carleton's 18th birthday because of his belief that "it would be a contentious situation to re-adjust child support so the easiest thing was to continue to pay" (transcript page 46); and that he wanted to "keep a clean record" for "employment in the field of finance" (transcript, page 44).
Plaintiff Albert Coffrin claims that he has overpaid child support for Carleton in the approximate amount of $8,200. In reaching this number he allocates $100 per week of the $311.25 child supports payment to Carleton and multiplies that by 82 weeks. He requests a credit for this amount toward his continuing child support obligation for minor Scott. Defendant Elizabeth Coffrin has spent the portion of the child support, which she allocated to Carleton, on his books, academic fees, car and health insurance. Furthermore, as stated earlier, she contends that plaintiff's CT Page 3912 earning capacity is such that his child support obligation for minor Scott should be $335.00 per week — an amount in excess of the original $311.25 for the two children, and that for that reason there is no amount due from her as an overpayment of child support for Carleton.
The court heard testimony on the motion for modification on January 6, and January 21, and set a briefing schedule. At the hearing on January 6, 2003, this court ruled that the child support for Carleton terminated upon his reaching majority on June 7, 2002. This court also then reduced the child support payment to $200.00 per week, without prejudice, and requested counsel to submit their calculations for child support under the child support guidelines of both Connecticut and Vermont. In addition, the court requested the parties to present their proposals for addressing the issue of any overpayment of monies for child support.
The court shall determine the extent of retroactivity, if any, after the hearing scheduled in the Interim Order which follows.
 Interim Order
Inasmuch as the court in this opinion has issued its determination that plaintiff Albert Coffrin has a gross annual earning capacity of $110,000, the court orders the parties to submit the appropriate calculations in accordance with the Child Support Guidelines of the State of Connecticut, for determining the presumptive weekly child support payment for minor Scott. The parties are to present their completed child support calculations, with an updated financial affidavit, at a hearing in this Courthouse on April 7 at 10:00 am. The parties may elect to not appear but to have their counsel appear for them at that hearing.
Clarance J. Jones, Judge